BLUE, Acting Chief Judge.
In this interlocutory appeal, Gene Luciano challenges the trial court’s entry of a partial summary judgment determining liability in favor of Thomas Franchino on Franchino’s counterclaim. The trial court’s order was premised on its holding that a release executed by Luciano contained an unambiguous waiver of his right to defend against the counterclaim. Because we conclude the trial court erred in holding that the release was unambiguous, thereby excluding parol evidence, we reverse.
Franchino represented Luciano in a lawsuit against the City of Naples and a city employee. At least initially, the representation was provided on a contingency fee basis. Luciano was not only unsuccessful in the suit and subsequent appeals, he was also ordered to pay the opposing side approximately $96,-000 in attorney’s fees and costs. Subsequently, Luciano filed a legal malpractice claim against his former attorney. Franchi-no filed an answer, affirmative defenses, and a counterclaim for $80,000. The counterclaim sought recovery for the legal services and costs that Franchino provided on Luciano’s behalf based on alternate theories of misrepresentation, quantum meruit, or contract.
Luciano accepted a settlement from Fran-ehino’s malpractice carrier in the amount of $38,100, plus $25,400 paid to Luciano’s current attorney, for a total settlement amount of $63,500. Luciano voluntarily dismissed his claim with prejudice and executed a release, the interpretation of which is at issue in this appeal. After the settlement and dismissal of Luciano’s claim, Franchino sought a partial summary judgment on the counterclaim, asserting that the release established Luciano’s liability as a matter of law. In its order, the trial court found that the language of the release was clear and unambiguous and had the effect of waiving Luciano’s right to defend against Franchino’s counterclaim, thus entitling Franchino to a partial summary judgment on the issue of liability.
The document states that it is a “FULL AND FINAL RELEASE COVERING ALL CLAIMS, RIGHTS OF ACTION, OR DEFENSES OF EVERY DESCRIPTION, PAST OR PRESENT.” Based on the use of the word “defenses,” Franchino argues that the document clearly and unambiguously bars Luciano from defending against the counterclaim. The release later states, however, that “It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim [singular], and that the payment is not to be construed as an admission of liability on the part of those parties herein released by whom liability is expressly denied.” Luciano argues that the document is ambiguous and parol evidence is available to establish that the release was not intended to cover Fran-chino’s counterclaim.
*412 “A latent ambiguity ... exists where a contract fails to specify the rights and duties of the parties in certain situations and extrinsic evidence is necessary for the interpretation or a choice between two possible meanings.” Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So.2d 1000, 1002 (Fla. 2d DCA 1995) (quoting Crown Management Corp. v. Goodman, 452 So.2d 49, 52 (Fla. 2d DCA 1984)) (quotation marks and footnote omitted). While the release mentions defenses in a general sense, the later language of the document refers to the settlement of a single claim. The release states that it cannot be construed as an admission of Franchino’s liability. But the release does not state that it is to be construed as an admission of liability on Luciano’s part. Accordingly, we conclude that the contract is ambiguous and parol evidence should be considered to determine the parties’ intent and the proper interpretation of the document.
In this case, Luciano and his attorney filed several affidavits in opposition to summary judgment. Two items of correspondence attached to the affidavits are relevant to the interpretation of the release. In a letter to Luciano’s current attorney, which transmitted the notice of voluntary dismissal and the release for Luciano to execute, the malpractice carrier’s attorney stated, “This settlement does not contemplate nor include the claim asserted by Mr. Franchino against Mr. Luciano in the referenced litigation.” A second letter by the same attorney, transmitting the settlement cheeks, concludes, “These cheeks represent the full and final settlement sum for the claims of your client Gene Luciano in the referenced matter.” On remand, the trial court is directed to consider the parol evidence showing that the release was not intended to cover the counterclaim. Accordingly, we reverse the partial summary judgment and remand for further proceedings consistent with this opinion.
FULMER and NORTHCUTT, JJ., Concur.